**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Brosnahan and Mary Brosnahan,<br><br>Plaintiffs,<br><br>v.<br><br>Caliber Home Loans et al.,<br><br>Defendants. | No. 3:20-cv-08272-PHX-SMB<br><br>**ORDER** |

Pending before this Court is Plaintiffs' Emergency Motion to Remand After Removal ("Motion to Remand"). (Doc. 11.) Defendants responded, (Doc. 14), and Plaintiffs replied. (Doc. 16.) The Court is also in receipt of Defendants' Motion to Accept Filing of Notice of Removal. (Doc. 7.) The Court has determined to rule without oral argument, finding that it is unnecessary. *See* LRCiv. 7.2(f). The Court grants Plaintiffs' Motion to Remand for the reasons discussed below.

**I.    BACKGROUND**

This case is an action for declaratory relief, to quiet title, and for violations of A.R.S. §§ 33-420(A)-(C) relating to real property in Coconino County, Arizona. Plaintiffs filed their Complaint in this action in Coconino County Superior Court on September 10, 2020. (Doc. 1 ¶ 1.) Defendants were served on September 17, 2020 and filed their Notice of Removal in this case on October 19, 2020. (Doc. 1 ¶¶ 1-2.) Plaintiffs filed their Motion to Remand as an emergency motion because Plaintiffs seek to file a TRO restraining the trustee's sale of their property, which was noticed for November 20, 2020 before the Defendants agreed to postpone the sale. (Doc. 11 at 1.)

Plaintiffs' Complaint alleges that both Plaintiffs are residents of Arizona. (Doc. 1 ¶ 3.) All Defendants are alleged to reside out of state except for Christina Harper, an attorney who is the trustee of the trust containing Plaintiffs' property in Sedona, Arizona.[1] (Doc. 1, Ex. A ¶ 5.) The amount in controversy, which both parties agree is the value of the property at issue, is well in excess of $75,000. (Doc. 1, Ex. A ¶ 7.) In their Complaint, Plaintiffs allege that Defendant Harper was appointed as a successor trustee under the deed of trust, which was not valid because "Caliber/Trust had accelerated the debt due under the [deed of trust] more than six-years prior and therefore, there was no valid [deed of trust] to appoint a successor trustee under." (Doc. 1, Ex. A ¶ 14.) The Complaint then alleges that Defendant Harper, "acting for [The Mortgage Law Firm] at the direction and for the benefit of [Defendants]" caused documents related to the trustee's sale of the property and Plaintiffs' debt to be recorded in the Coconino County Recorder's Office that were false or invalid as they were recorded more than six years after the mortgage debt was accelerated by the first notice of trustee sale and after the six-year statute of limitations in Arizona had expired. (Doc. 1. Ex. A ¶¶ 15-18.) The Complaint further alleges that Defendant Harper's actions of falsely recording documents violated A.R.S. §§ 33-420(A)-(C), and that Defendant Harper is liable to Plaintiffs due to these actions. (Doc. 1, Ex. A ¶¶ 35-38.)

## II.   LEGAL STANDARD

Federal courts have jurisdiction in cases between citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship is required between the parties for federal courts to have jurisdiction. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). The Supreme Court has interpreted the diversity jurisdiction statute to allow courts, in certain circumstances, "to look behind the pleadings to ensure that parties are not improperly creating or destroying diversity jurisdiction." *Mississippi ex. rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 174 (2014). The presence of a sham or nominal party may not defeat removal on diversity grounds.

---

[1] The Complaint alleges that Defendant Harper is an Arizona resident and that Defendant The Mortgage Law Firm is a California professional corporation authorized to conduct business in Arizona. (Doc. 1, Ex. A ¶¶ 4-5.)

*Strotek Corp. v. Air Transport Ass'n of America*, 300 F.3d 1129, 1132 (9th Cir. 2002) (citing *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-19 (9th Cir. 1998)); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). The party asserting diversity jurisdiction bears the burden of persuasion for establishing diversity jurisdiction. *Hertz Corp. v. Friend*, 559 U.S. 77, 96, 130 S.Ct. 1181, 1194 (2010) (citations omitted). Courts in the Ninth Circuit strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1979))).

**III. DISCUSSION**

In their Notice of Removal, Defendants argued that removal from state court was proper despite the fact that Defendant Harper is an Arizona resident. Defendants contend that because Defendant Harper is named solely in her capacity as a trustee, pursuant to A.R.S. § 33-807(E), she may only be named "in legal actions pertaining to a breach of the trustee's obligations under [Arizona's foreclosure statute] or under the deed of trust." (Doc. 1 ¶ 6.)

Plaintiffs' Emergency Motion to Remand argues that the removing parties have the burden to prove diversity jurisdiction, that Defendants have not met their burden, that the Notice of Removal was made in bad faith, and that the Plaintiffs are entitled to attorney's fees. (Doc. 11.)

In Defendants' response, they argue that Defendants Harper and the Mortgage Law Firm ("TMLF") are fraudulently joined and should not be considered for purposes of diversity jurisdiction. They also contend that A.R.S. § 33-807(E) prohibits the Plaintiffs from naming Defendants Harper and TMLF in this action because the claims against them relate to their authority as trustees under the deed of trust. Lastly, they argue that removal

was not made in bad faith. (Doc. 14.)

In reply, Plaintiffs argue that Defendant Harper cannot claim the protection of A.R.S. § 33-807(E) because she was acting as a trustee under a deed of trust which had expired nearly five years before she filed documents in Coconino County Recorder's Office that Plaintiffs' allege were false. (Doc. 16 at 3.)

For the reasons explained below, the Court finds that Defendants have not met their burden of establishing that the Court has diversity jurisdiction to hear this matter.

### A.  A.R.S. § 33-807(E)

Under A.R.S. § 33-807(E), "The trustee need only be joined as a party in legal actions pertaining to a breach of the trustee's obligation *under this chapter* or under the deed of trust…If the trustee is joined as a party in any other action, the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorney fees from the person joining the trustee." A.R.S. § 33-807(E) (emphasis added). To receive the protection of A.R.S. § 33-807(E), a trustee must establish three elements:

> First, that the trustee has been named as a defendant in the claim. Second, that the claim relates to the authority of the trustee to act, given to the trustee either by the trust deed or Arizona statutes regarding regulating trust deeds. Third, that the claims do not allege that the trustee breached any of his or her obligations that arise under either the deed of trust or the statutory chapter of the Arizona Revised Statutes that regulates deeds of trust.

*Puzz v. Chase Home Finance, LLC*, 763 F.Supp.2d 1116, 1125 (D. Ariz. 2011). The parties do not dispute that the first element is met. Defendants Harper and TMLF are named as defendants in Plaintiffs' claim for violation of A.R.S. §§ 33-420(A)-(C).[2] (Doc. 1, Ex. A ¶¶ 33-38.) Further, as to the third element, Plaintiffs' Complaint does not allege that Harper and TMLF breached any of their obligations that arose under the deed of trust or the

---

[2] Although Plaintiff's Complaint seems to list all Defendants in its claim for declaratory relief and to quiet title, (Doc. 1, Ex. A ¶¶ 20-32), the Plaintiff's Motion to Remand only argues that Defendants Harper and TMLF are joined in its claim for violation of A.R.S. § 420(A)-(C). (Doc. 11 at 4-7.)  Thus, the Court will assume that Defendants Harper and TMLF are only properly joined for that claim.

statutory chapter of the Arizona revised statutes that regulates deeds of trust.[3] Thus, the Court need only determine whether the second element of the test is met.

In deciding the second element of the *Puzz* test, the Court must determine whether the claim relates to the authority of the trustee to act, given to the trustee either by the trust deed or Arizona statutes regarding regulating trust deeds. *Puzz*, 763 F.Supp.2d at 1125. Pursuant to A.R.S. § 33-808(A)(1), a trustee shall give notice of the time and place of a sale of trust property, and one method to give notice is by "[r]ecording a notice in the office of the recorder of each county where the trust property is situated." The statute also requires the trustee to record a cancellation of notice of sale if there is an error in the date, time, or place of the sale. A.R.S. § 33-808(E). In Arizona, the statute of limitations for a trustee's sale of trust property is within six years of the accrual of the cause of action to collect the debt. *Andra R Miller Designs LLC v. US Bank NA*, 244 Ariz. 265, 269 (App. 2018) (citing A.R.S. § 12-548(A)(1) and A.R.S. § 33-816). A trustee has an absolute right under Arizona law "'to rely upon any written direction of information furnished to him by the beneficiary.'" *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011) (citing A.R.S. § 33-820(A)).

The Court is not persuaded that the second element in the *Puzz* test is satisfied. Plaintiffs, in their Complaint, allege that Defendant Harper recorded certain documents at the Coconino County Recorder's Office related to the trust property that were false because the statute of limitations to conduct a trustee sale had passed. (Doc. 1. Ex. A ¶¶ 15-18.) The Complaint alleges that almost 11 years since the cause of action accrued, Defendant Harper filed a Corrective Cancellation of Trustee's Sale, two Cancellations of Trustee's Sales, and a new Notice of Trustee's Sale in the Coconino County Recorder's Office. (*Id.*) Thus, Plaintiff argues that Defendant Harper lacked the power to conduct a sale under the deed of trust since the statute of limitations for enforcement had run. (Doc. 16 at 7.)  If the

---

[3] Plaintiffs concede that A.R.S. § 33-807(E) is contained in chapter 6.1 of the Arizona Revised Statutes, and that A.R.S. § 33-420(A)-(C), which Plaintiffs' Complaint alleges that Defendants Harper and TMLF violated, are contained in Chapter 4 of the Arizona Revised Statutes. (Doc. 11 at 4-5.)

allegations in Plaintiff's Complaint are true, Defendant Harper as the trustee was not authorized by Arizona law to record a new Notice of Trustee's Sale because the statute of limitations had passed for conducting a trustee's sale. *See Andra R Miller Designs LLC*, 244 Ariz. at 269.

Defendants argue that both the deed of trust at issue and Arizona law allowed Defendant Harper to file documents and corrections relating a trustee's sale. Both statements are true. (Doc. 1-3 ¶ 24.); A.R.S. §§ 33-808(A), (E). However, this assumes that the deed of trust is within the statute of limitations for a trust sale. When the statute of limitations for a trustee's sale has ended, a trustee no longer has the authority to record documents related to a trustee's sale. Although the Complaint alleges that Defendant Harper was acting "at the direction and for the benefit of Caliber and Trust" when filing documents with the Coconino County Recorder that the Complaint alleges were false, (Doc. 1, Ex. A ¶¶ 15-18), it is not the direction of the beneficiary that gives the trustee authority to act, but the deed of trust and the applicable state law. The trustee's authority under both of those sources seems to have expired pursuant to Arizona's statute of limitations for trustee's sales. *Andra R Miller Designs LLC*, 244 Ariz. at 269. In short, the Court is not persuaded that the claim at issue relates to the authority of the trustee to act because the claim alleges that Defendant Harper caused false documents to be filed well after the statute of limitations for a notice of trustee's sale had expired, and it is unclear whether A.R.S. § 807(E) would immunize such an act.

**Motion to Accept Filing of Notice of Removal**

The Court is in receipt of Defendants' Motion to Accept Filing of Notice of Removal. (Doc. 7.) The motion states that the Notice of Removal, (Doc. 1.), was originally timely filed on October 19, 2020, the last day the Notice of Removal could be filed, but that the Clerk of Court did not accept the filing because the state court record was not included. (Doc. 7 at 1.) The next day, Defendants' counsel received the state court record in the mail[4] and promptly filed it with the Clerk of Court. (*Id.* at 2.) Because of the delay

---

[4] Defendants counsel states that his office ordered the state court record on October 14,

in filing the state court record, the Clerk of Court stamped the Notice of Removal as filed on October 20, 2020, one day after it was due. (Doc. 1.) The Plaintiff never responded to Defendants' motion.[5] The Court determines that the Notice of Removal was timely filed on October 19, 2020, and that the one-day delay in filing the state court record was excusable.

## IV.  CONCLUSION

For the reasons discussed above, the Court finds that the Defendants have not met their burden of establishing that removal is proper. The Court has serious doubts as to whether Defendant Harper can claim the protection of A.R.S. § 33-807(E) when she filed documents related to the trustee's sale of the property at issue almost five years after the expiration of the statute of limitations. Therefore, the Court is not able to determine that there is complete diversity of citizenship in this action as required for the Court to have jurisdiction under 28 U.S.C. § 1332(a)(1). The Ninth Circuit caselaw is clear that a court may reject removal if there is doubt regarding whether the court has jurisdiction. *Gaus*, 980 F.2d at 566. Thus, the Court determines that the case should be remanded to Coconino County Superior Court since it is unclear whether the court has diversity jurisdiction to hear this matter under 28 U.S.C. § 1332(a)(1).

**IT IS ORDERED** granting Plaintiffs' Emergency Motion to Remand After Removal and remanding this case back to Coconino County Superior Court. (Doc. 11.)

**IT IS FURTHER ORDERED** granting Defendants' Motion to Accept Filing of Notice of Removal. (Doc. 7.)

///

///

///

///

---

2020. (Doc. 7 at 2.)

[5] Under Local Rule of Civil Procedure 7.2(c), the Plaintiff had fourteen (14) days after service within which to serve and file a responsive memorandum. As Plaintiffs were served with this motion on October 21, 2020, the Plaintiffs' time for response has now expired.

1 **IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this case.

2 Dated this 6th day of January, 2021.

_____
Honorable Susan M. Brnovich
United States District Judge